UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY DIETZ, | **NO.** 3:14-cv-05840 |
| Plaintiff, | |
| v. | DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS |
| UNITED RECOVERY SYSTEMS, L.P., | NOTE ON MOTION CALENDAR: November 21, 2014 |
| Defendant. | |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Comes now Defendant United Recovery Systems, LP ("URS"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss the Complaint of Plaintiff, Timothy Dietz, and states:

## INTRODUCTION

*DEFENDANT'S 12(b)6 MOTION*                                    1

**Elizabeth Powell PS Inc.**
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518
powelllaw@comcast.net

On September 23, 2014, Plaintiff filed a small claims action against URS in Cowlitz County District Court's Small Claims Department. A copy of Plaintiff's Complaint is attached hereto as Exhibit A. The Complaint alleges amounts are owed for a supposed violation of "FCRA," presumably the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq*) and a state law equivalent (the Washington State Fair Credit Reporting Act or "WFCRA," codified at Wash. Rev. Code §§ 19.182.005-19.182.902). URS timely filed a notice of removal under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1446. *See* ECF Dkt. #1. Although Plaintiff has used a small claims form to bring the original Complaint, it falls far short of the pleading requirements of this Court and thus must be dismissed.

## MOTION TO DISMISS STANDARD

Undoubtedly, the Federal Rules evince and embody a liberal pleading standard that is often referred to as "notice pleading." This Court assumes the truth of the plaintiff's allegations and draws all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even under this liberal standard, plaintiffs still must meet their obligation of pleading a set of facts that support or give rise to a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead more than legal conclusions, labels, or formulaic recitations of causes of action to meet this burden. *Id.* Dismissal under Rule

*DEFENDANT'S 12(b)6 MOTION*

2

**Elizabeth Powell PS Inc**.
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518
powelllaw@comcast.net

12(b)(6) may be premised, then, upon the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). The required factual allegations must raise the right of relief to above the speculative level, even on the assumption that all the allegations are true. *Bell*, 544 U.S. at 544. Thus, a complaint should be dismissed under Rule 12(b)(6) where it lacks a cognizable legal theory or contains insufficient facts to support a cognizable legal theory, as here.

## ARGUMENT

I.   **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE HE PLEADS ABSOLUTELY NO FACTS TO SUPPORT HIS ALLEGED RIGHT TO RELIEF.**

This Court must dismiss Plaintiff's Complaint because it does not contain a single fact that supports a claim or right to relief. Plaintiff's Complaint, in its entirety, is a 1 page small claims form containing the statement that URS allegedly violated FCRA and its state law equivalent. The Complaint contains a demand for $2,000.00 for those alleged statutory violations, with no further identifying information whatsoever. These are precisely the types of legal conclusions and conclusory labels, devoid of any factual support, that are ripe for dismissal on a Rule 12(b)(6) Motion. Accordingly, this Court should dismiss the Complaint.

While true that pleadings by *pro se* individuals, such as Plaintiff, are held to lower standards than pleadings by attorneys (*see Erickson v. Pardus*, 551 U.S. 89 (2007)), the

*DEFENDANT'S 12(b)6 MOTION*                     3                     **Elizabeth Powell PS Inc**.
                                                                      535 Dock Street, Suite 108
                                                                      Tacoma, WA 98402
                                                                      (253) 274-1518
                                                                      powelllaw@comcast.net

Complaint still fails as a matter of law because it does not contain a single factual statement to support the claims for sums owed. URS is completely without notice to properly defend itself. Taken on its face alone, neither URS nor this Court can discern when the events complained of occurred; what credit report or account the action is related to; which alleged acts done by URS that Plaintiff believes to be violations of the cited statutes (or even which section of the statutes URS allegedly violated), or any other facts that might allow URS to defend itself or this Court to evaluate Plaintiff's claims. In other words, URS cannot fairly defend itself or answer these allegations. The liberal pleading standard does not completely excuse *pro se* plaintiffs from meeting *any* pleading obligations, a low hurdle which Plaintiff simply has not met. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Thus, because the Complaint consists of nothing but a legal conclusion without a single supporting factual allegation, this Court should dismiss the Complaint.

## CONCLUSION

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because it contains only a single conclusory statement of an alleged statutory violation. Plaintiff must plead sufficient factual allegations to support that violation, rather than forcing this Court to read non-existent or unknown facts into the Plaintiff's one page small claims form. Because this

*DEFENDANT'S 12(b)6 MOTION*                4

**Elizabeth Powell PS Inc**.
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518
powelllaw@comcast.net

Court need not read additional facts into the Complaint nor accept as true the single legal conclusion in Plaintiff's Complaint, this Court should dismiss the Complaint with prejudice.

Dated: October 29, 2014

United Recovery Systems, LP

By: Elizabeth Powell, WSBA No. 30152

## CERTIFICATE OF SERVICE

I, Elizabeth Powell, hereby certify that on October 29, 2014, I electronically filed the foregoing **Defendant United Recovery Systems's Motion to Dismiss** with the Clerk of the Court for the United States District Court for the Western District of Washington by using the CM/ECF system and that a true and correct copy of the above-titled **Motion to Dismiss, and attached Exhibit 1.** was served on the Plaintiff by sending the same via U.S. Mail at or before 5:00PM EST on October 29, 2014 to the following party of record:

Timothy Dietz (*Pro Se Plaintiff*)

3501 S. 38th Street, #Y69

Tacoma, WA 98409

timthepostman@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct. Signed at Tacoma, WA on October 29, 2014  Elizabeth Powell, WSBA No. 30152

*DEFENDANT'S 12(b)6 MOTION*                5

**Elizabeth Powell PS Inc.**
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518
powelllaw@comcast.net