UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

Plaintiff,

v.

UNITED RECOVERY SYSTEMS, L.P.,

Defendant.

CASE NO. C14-05840

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendant United Recovery Systems, L.P.'s ("United") motions to dismiss (Dkts. 8, 9).[1] The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions in part and denies them in part and grants leave to amend for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 23, 2014, pro se Plaintiff Timothy Dietz ("Dietz") filed a small claims action against United in the Small Claims Department of Cowlitz County District Court. Dkt. 1, Ex. A. In his complaint, Dietz alleges that United owes him $2000 under

[1] United filed a motion to dismiss and a motion for an order dismissing complaint. *See* Dkts. 8, 9. These motions are virtually identical.

the Fair Credit Reporting Act ("FCRA") and the Washington Fair Credit Reporting Act ("WFCRA"). *Id.* On October 22, 2014, United removed the case to this court under 28 U.S.C. §§ 1331 and 1446. Dkt. 1.

On October 29, 2014, United filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkts. 8, 9. On November 20, 2014, Dietz responded. Dkt. 10.

## II. DISCUSSION

United moves to dismiss Dietz's complaint with prejudice. Dkt. 8 at 5. United argues that the complaint contains insufficient facts to support a cognizable legal theory. *Id.* at 3. In response, Dietz argues that he originally filed his action in the Small Claims Department of Cowlitz County District Court, which does not require a formal complaint. Dkt. 10 at 1. Dietz asks the Court to grant him leave to file a complaint that complies with federal pleading standards. *Id.* at 2.

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations, but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555–56 (internal citations omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In the event the Court finds that dismissal is warranted, the Court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Dietz's complaint fails to meet federal pleading requirements. Dietz alleges that United owes him $2000 under the FCRA and the WFCRA, but does not allege any facts to support his claims. The Court therefore dismisses Dietz's complaint. This dismissal, however, is without prejudice. Dietz originally filed his complaint in state small claims court, where different rules and pleading standards apply. The Court is unable to find that any amendment would be futile in this case. Accordingly, the Court grants Dietz leave to amend his complaint.

## III. ORDER

Therefore, it is hereby **ORDERED** that United's motions to dismiss (Dkts. 8, 9) are **GRANTED in part** and **DENIED in part** as stated herein. Dietz is **GRANTED** leave to amend. Dietz shall file an amended complaint no later than January 2, 2015.

Dated this 8th day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge